Honorable Brian A. Tsuchida

1

2

3

4

5

6

7 UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
8 AT SEATTLE

9

10 | UNITED STATES OF AMERICA,

11 | Plaintiff,   CASE NO.   MJ19-598

12 | v.   COMPLAINT for VIOLATION

13 | FELTON FOXGLOVE, and   18 U.S.C. § 113(a)(4)

14 | ANDREW PETER SOLOMON,

15 | Defendants.

16

17
BEFORE the Honorable Brian A. Tsuchida, Chief United States Magistrate Judge,
18
Seattle, Washington.
19
The undersigned complainant being duly sworn states:
20
## COUNT 1
21
**(Assault by Striking, Beating or Wounding)**

22 On or about September 19, 2019, within the Western District of Washington, the

23 defendants, FELTON FOXGLOVE and ANDREW PETER SOLOMON, inmates in the

24 Sea-Tac Federal Detention Center, committed an assault within the territorial jurisdiction

25 of the United States by striking, beating, or wounding another inmate, John Doe.

26 All in violation of Title 18, United States Code, Section113(a)(4).

27

28

COMPLAINT/FOXGLOVE and SOLOMON - 1

1       The undersigned complainant being duly sworn further states:

2                         **AFFIANT BACKGROUND**

3       1.     I, Allana Sheehan, am a Special Agent ("SA") with the Federal Bureau of

4 Investigation ("FBI") and have been so employed since May 2019. I am currently

5 assigned to the violent crime/organized crime squad in the Seattle, Washington office.

6 As an FBI Special Agent, I have been trained to investigate a variety of crimes, including

7 cases involving assault and those in a federal penal institution, including detention

8 centers. In this capacity, I investigate, *inter alia,* violations of Title 18, United States

9 Code, Section 113 *et seq.*, and related offenses.

10       2.     Prior to my role as a Special Agent for the FBI, I was an Air Marshal with

11 the Federal Air Marshal Service for three years and a Customs and Border Protection

12 Officer with Customs and Border Protection for three and a half years. During my time

13 as a Customs and Border Protection Officer and Federal Air Marshal, I participated in

14 several arrests, seizures, and other law enforcement actions. I have conducted hundreds

15 of interviews and have taken law enforcement action and made law enforcement

16 determinations based on the facts I gathered from these interviews.

17       3.     The statements contained in this affidavit are based upon my investigation

18 and information provided to me by others familiar with this matter, including other law

19 enforcement officers. I have not included each and every fact known to me or other

20 investigative personnel concerning this investigation. I have set forth only the facts I

21 believe are necessary to establish probable cause to believe that FELTON FOXGLOVE

22 and ANDREW PETER SOMOLON committed the crime of Assault by Striking, Beating

23 or Wounding in violation of Title 18, United States Code, Section 13(a)(4).

24                 **SUMMARY OF PROBABLE CAUSE**

25       4.     On or about September 19, 2019, a Unit officer at the Sea-Tac Federal

26 Detention Center ("FDC-SeaTac") reported observing inmate FELTON FOXGLOVE

27 striking inmate John Doe in the head and upper torso with closed fists in the recreation

28 yard of Unit DB.

COMPLAINT/FOXGLOVE and SOLOMON - 2

5.    Institutional cameras were in place and recorded the assault on September 19, 2019. FDC-SeaTac staff conducted an internal review of the institutional camera footage of the assault and identified inmate ANDREW PETER SOLOMON as the inmate who initiated the assault on John Doe.  They also identified FOXGLOVE as the inmate who participated in the assault and continued assaulting John Doe after SOLOMON stopped and turned to leave the recreation yard.  FOXGLOVE continued to assault John Doe until stopped by the Unit Correctional Officer.

6.    I reviewed the FDC-SeaTac institutional camera recording of the assault, as well as photographs of FOXGLOVE and SOLOMON.  The following is a timeline of the assault from my review of the institutional camera recording:

**5:57:13 PM:** Inmates SOLOMON and FOXGLOVE enter the recreation yard and walk past John Doe, who is standing against a wall.

**5:58:18 PM:** Inmate SOLOMON walks in front of John Doe and begins striking Doe with closed fists to Doe's face and torso.

**5:58:23 PM:** Inmate FOXGLOVE grabs Doe from behind and throws him to the ground.  FOXGLOVE and SOLOMON strike Doe in the face and kick him in the torso.

**5:58:47 PM:** Inmate SOLOMON leaves the recreation yard while FOXGLOVE continues to strike Doe.

**5:58:49 PM:** Inmate FOXGLOVE leaves the recreation yard as the Correctional Officer enters the recreation yard.

7.    In my review of the institutional camera recording of the assault, I did not observe Doe strike either FOXGLOVE or SOLOMON.

8.    JOHN DOE was interviewed after the assault and stated that he did not really know who assaulted him and that he did not fight back.  FOXGLOVE was also interviewed at or near the same time.  FOXGLOVE stated that he had no reason for assaulting Doe, just that he was in the recreation yard and decided to hit him. SOLOMON declined to make a statement or to answer questions.

COMPLAINT/FOXGLOVE and SOLOMON - 3

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

9.     On October 3, 2019, a FBI Special Agent conducted a telephonic interview of Correctional Officer Jared Knight, who was the probationary correctional officer in the DB Unit at the time of the assault on September 19, 2019. Knight stated that he witnessed FOXGLOVE standing over Doe in the recreation yard of the Unit, throwing downward punches at Doe. Knight did not observe or witness Doe strike FOXGLOVE at any time during the assault.

10.     On October 28, 2019, FBI Special Agents interviewed FOXGLOVE. The interview was recorded by audio means, which I have reviewed. After being advised of his *Miranda* rights, FOXGLOVE stated he understood his rights and agreed to waive his rights and speak with the Agents. FOXGLOVE admitted to assaulting Doe in the recreation yard and stated that he was guilty. Later in the interview, FOXGLOVE advised the Agents that he wanted a lawyer, at which point the Agents terminated the interview.

11.     On November 22, 2019, another Special Agent and I interviewed five inmates who were playing soccer in the recreation yard of the DB Unit at or near the time of the assault. Four of these inmates provided information consistent with the institutional camera recording of the assault. The fifth inmate stated he was not present during the assault of and did not recall any assault occurring in the DB Unit on or around September 19, 2019.

12.     On November 22, 2019, FOXGLOVE wrote a note to a FDC-SeaTac Lieutenant in which re referenced the fight, and said, "I'm guilty and I take full responsibility." FOXGLOVE signed the note with his name, inmate registration number, and cell assignment. FOXGLOVE later wrote a subsequent letter stating that, "When I saw [John Doe] on the unit, I had to get him because I didn't like him. And Solomon, I gave him no choice to follow on [Doe], didn't give him a pass…. I'll take full responsibility for the charge, just leave Solomon out of it because he didn't have anything to do with it."

COMPLAINT/FOXGLOVE and SOLOMON - 4

13.     FOXGLOVE was again interviewed by the FBI on December 2, 2019. After being advised of his *Miranda* rights and agreeing to waive them, FOXGLOVE stated that prior to the assault he had heard John Doe was a "rat" and had "ratted" somebody out. FOXGLOVE would not say who Doe had allegedly "ratted out." FOXGLOVE denied being asked to commit the assault by anybody else, and also said that he had convinced SOLOMON to help with the assault, but it was his plan, not SOLOMON's. These statements contradicted prior statements made by FOXGLOVE about his motivation for committing the assault.

14.     I have reviewed documentation from the medical assessment of John Doe performed by FDC-SeaTac medical personnel after the assault on September 19, 2019. The documentation notes that Doe had bleeding from his nostrils and bleeding to the inside of the upper left side of his ear, as well as swelling to his nose and the right side of his jawline. In addition, the documentation notes red marks on the left side of Doe's lower back, and minor abrasions on his right elbow and shoulder.

15.     The Sea-Tac Federal Detention Center is a federal detention center operated by the United States Bureau of Prisons located in Sea-Tac, Washington.

//

//

//

COMPLAINT/FOXGLOVE and SOLOMON - 5

## CONCLUSION

15.    Based on the above facts, I respectfully submit that there is probable cause to believe that FELTON FOXGLOVE and ANDREW PETER SOMOLON committed the crime of Assault by Striking, Beating or Wounding, in violation of Title 18, United States Code, Section 13(a)(4).


Allana Sheehan, Complainant
Special Agent, FBI


Based on the Complaint and Affidavit sworn to before me telephonically, the Court hereby finds that there is probable cause to believe the Defendants, FELTON FOXGLOVE and ANDREW PETER SOMOLON, committed the crime of Assault by Striking, Beating or Wounding, in violation of Title 18, United States Code, Section 13(a)(4).

Dated this ___16___ day of December, 2019.


Honorable Brian A. Tsuchida
United States Magistrate Judge

COMPLAINT/FOXGLOVE and SOLOMON - 6

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970